FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

2012 JAN -4 P 3: 58

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| INNOVATIVE COMMUNICATIONS TECHNOLOGIES, INC., | |
| Plaintiff, | Case No. 2:12CV8 AWA/DEM |
| vs. | |
| OOVOO, LLC, | JURY TRIAL DEMANDED |
| Defendant. | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Innovative Communications Technologies, Inc. ("ICTI") for its Complaint against Defendant ooVoo, LLC ("ooVoo" or "Defendant") alleges as follows:

### THE PARTIES

1. Plaintiff ICTI is a Delaware corporation, with its principal place of business at 1655 Fort Myer Drive, #700, Arlington, VA 22209.

2. Defendant ooVoo is a Delaware corporation with a principal place of business at 44 East 30th Street, Floor 12, New York, NY 10016-7605.

3. On information and belief, Defendant ooVoo designs, develops, manufactures, and/or sells voice over internet protocol ("VoIP") products and/or services in the United States including ooVoo. For example, Defendant ooVoo sells ooVoo through its website, www.oovoo.com.

### JURISDICTION AND VENUE

4. This is an action for patent infringement that arises under the patent laws of the United States, Title 35 U.S.C. §1 et seq. and seeks damages and injunctive relief as provided in

35 U.S.C. § 281, §§ 283-285. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and § 1338(a).

5. Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b).

6. This Court has personal jurisdiction over Defendant because Defendant has done and is doing substantial business in this District, both generally and with respect to the allegations in this Complaint, and Defendant has committed one or more acts of infringement in this District.

## THE ASSERTED PATENTS

7. ICTI is the assignee of United States Patent Nos. 6,513,066; 6,701,365; and 6,009,469 (collectively, the "Asserted Patents").

8. The Asserted Patents were previously litigated in *Net2Phone, Inc. v. eBay, Inc., et al.*, Civil Action No. 06-2469 (D.N.J.) ("Prior Litigation").

9. In 2009, Skype, Inc. ("Skype"), one of the defendants in the Prior Litigation, requested that certain claims of the Asserted Patents be reexamined by the United States Patent and Trademark Office.

10. During reexamination, the Examiner considered over one thousand cited references.

11. During reexamination, the Examiner also considered Skype's submissions, including its brief in support of its request for *ex parte* reexamination, a supporting declaration, claim charts, its comments on Net2Phone's validity expert's opinions, and the parties' claim construction briefing from the prior litigation.

12. The Examiner confirmed the validity of numerous claims of the Asserted Patents, many without any amendments, over all of the cited references and over all of Skype's submissions.

### COUNT I
### INFRINGEMENT OF U.S. PATENT NO. 6,513,066

13. ICTI incorporates paragraphs 1 through 12 as if fully set forth herein.

14. On January 28, 2003, United States Patent No. 6,513,066 ("the '066 Patent"), entitled "ESTABLISHING A POINT-TO-POINT INTERNET COMMUNICATION" (Exhibit A), duly and legally issued. ICTI owns all rights, title, and interest in and to the '066 Patent, including the right to sue for past infringement.

15. On November 23, 2010, an Ex Parte Reexamination Certificate (Exhibit B) duly and legally issued for the '066 Patent.

16. The claims of the '066 Patent are valid and enforceable.

17. Defendant ooVoo has infringed and is infringing the '066 Patent, by at least selling, offering to sell, and using VoIP products and/or services, such as ooVoo, that infringe one or more claims of the '066 Patent. Defendant ooVoo has done so without authority and therefore has infringed the '066 Patent as set forth in 35 U.S.C. § 271.

### COUNT II
### INFRINGEMENT OF U.S. PATENT NO. 6,701,365

18. ICTI incorporates paragraphs 1 through 12 as if fully set forth herein.

19. On March 2, 2004, United States Patent No. 6,701,365 ("the '365 Patent"), entitled "POINT-TO-POINT INTERNET PROTOCOL" (Exhibit C), duly and legally issued. ICTI owns all rights, title, and interest in and to the '365 Patent, including the right to sue for past infringement.

20. On August 3, 2010, an Ex Parte Reexamination Certificate (Exhibit D) duly and legally issued for the '365 Patent.

21. The claims of the '365 Patent are valid and enforceable.

22. Defendant ooVoo has infringed and is infringing the '365 Patent, by at least selling, offering to sell, and using VoIP products and/or services, such as ooVoo, that infringe one or more claims of the '365 Patent. Defendant ooVoo has done so without authority and therefore has infringed the '365 Patent as set forth in 35 U.S.C. § 271.

## COUNT III
## INFRINGEMENT OF U.S. PATENT NO. 6,009,469

23. ICTI incorporates paragraphs 1 through 12 as if fully set forth herein.

24. On December 28, 1999, United States Patent No. 6,009,469 ("the '469 Patent"), entitled "GRAPHIC USER INTERFACE FOR INTERNET TELEPHONY APPLICATION" (Exhibit E), duly and legally issued. ICTI owns all rights, title, and interest in and to the '469 Patent, including the right to sue for past infringement.

25. On May 10, 2011, an Ex Parte Reexamination Certificate (Exhibit F) duly and legally issued for the '469 Patent.

26. The claims of the '469 Patent are valid and enforceable.

27. Defendant ooVoo has infringed and is infringing the '469 Patent, by at least selling, offering to sell, and using VoIP products and/or services, such as ooVoo, that infringe one or more claims of the '469 Patent. Defendant ooVoo has done so without authority and therefore has infringed the '469 Patent as set forth in 35 U.S.C. § 271.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court:

(A)  Enter a judgment in favor of ICTI that Defendant ooVoo has infringed the '066 Patent, the '365 Patent, and the '469 Patent;

(B)  Enter an injunction prohibiting ooVoo from making, using, selling, or offering for sale infringing products and/or services in the United States;

(C)  Award ICTI damages in an amount sufficient to compensate ICTI for ooVoo's infringement of the Asserted Patents, but no less than a reasonable royalty, together with interest (both pre-and post-judgment), costs, and disbursements as fixed by this Court under 35 U.S.C. § 284;

(D)  Declare this case exceptional under 35 U.S.C. § 285 and award ICTI its reasonable attorneys' fees, expenses and costs incurred in this action; and

(E)  Grant ICTI such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, ICTI respectfully demands a trial by jury on all issues properly triable by a jury in this action.

Dated: January 4, 2012

Respectfully submitted,

_____
D. Sean Trainor (43260)
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005-5793
(202) 879-5000
(202) 879-5200
dtrainor@kirkland.com

*Counsel for Plaintiff Innovative
Communications Technologies, Inc.*

Of Counsel:
David K. Callahan, P.C.
Jessica C. Kaiser
Archit P. Shah
Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654
Phone: (312) 862-2000
Facsimile: (312) 862-2200
david.callahan@kirkland.com
jessica.kaiser@kirkland.com
archit.shah@kirkland.com