

FILED

OCT  3 2012

CLERK, US DISTRICT COURT
NORFOLK, VA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Norfolk Division

**INNOVATIVE COMMUNICATIONS TECHNOLOGIES, INC.**
    **Plaintiff,**

v.                                                                                   **Civil Action No. 2:12cv7**

**VIVOX, INC.**
    **Defendant.**

**INNOVATIVE COMMUNICATIONS TECHNOLOGIES, INC.**
    **Plaintiff,**

v.                                                                                   **Civil Action No. 2:12cv8**

**OOVOO, LLC,**
    **Defendant.**

**INNOVATIVE COMMUNICATIONS TECHNOLOGIES, INC.**
    **Plaintiff,**

v.                                                                                   **Civil Action No. 2:12cv9**

**STALKER SOFTWARE, INC.**
    **Defendant.**

## OPINION AND ORDER

This matter involves a patent dispute between Plaintiff Innovative Communications Technologies, Inc., ("Plaintiff") and Defendants Vivox, Inc., Oovoo, LLC, and Stalker Software, Inc. (collectively "Defendants"). The Court has consolidated the three cases listed above for the purposes of the Markman hearing and trial. Defendants Vivox and Stalker have both filed Motions to Transfer Venue pursuant to 28 U.S.C. § 1404(a) alleging that Plaintiff and this action have no meaningful connection to the Eastern District of Virginia. For the reasons set forth

herein, Defendants motions are **DENIED** at this time.  The Court will allow the defendants to file motions to transfer venue following the Markman hearing.

## I.      PROCEDURAL AND FACTUAL BACKGROUND

On January 4, 2012, Plaintiff filed suit against Defendants and alleges the infringement of United States Patent Nos.: 6,108,704 ("the '704 patent"); 6,513,066 ("the '066 patent"); 6,701,365 ("the '365 patent"); 6,131,121 ("the '121 patent"); and 6,009,469 ("the '469 patent") against Vivox and the infringement of three United States Patent Nos.: the '704 patent; the '066 patent; and the '365 patent (collectively, the "Asserted Patents") against Stalker.  Plaintiff alleges that Defendants have infringed, and continue to infringe, its Asserted Patents regarding voice over internet protocol ("VoIP") products and/or services.  Plaintiff seeks a judgment in its favor, an injunction, and damages.

As alleged in the Complaint, Plaintiff is a Delaware corporation with its principal place of business at 1655 Fort Meyer Drive, #700, Arlington, VA 22209.  Vivox Compl. ¶ 1.  Vivox is a Delaware corporation with a principal place of business at 2-4 Mercer Road, Natick, MA 07160.  *Id.* ¶ 2.  Citing the declaration of Robert Seaver, the Founder and Chief Strategy Officer of Vivox, Vivox states that it employs approximately thirty individuals at its headquarters and provides design, development, operations, marketing, sales, and other functions from this location.  Vivox Mot. Transfer 2.  Vivox further states that one employee works from a home-based office in Texas and that is has no physical presence outside of Massachusetts other than a server collocation space leased in New York, NY.  *Id.*  In addition, Vivox states that all documents and witnesses related to the design, development, operations, marketing, and sales of the Asserted Patents are located in Massachusetts.  *Id.*

Stalker, doing business as CommuniGate, is a California corporation with a principal place of business at 655 Redwood Highway, Suite 275, Mill Valley, CA 94941. Stalker Compl. ¶ 2. Citing the declaration of Vladimir Butenko, the President of Stalker Software, Stalker states that its evidence, documents, and witnesses relevant to this litigation and the asserted patents are located either in the Northern District of California or overseas. Stalker Mot. Transfer 2-3.

With regard to Vivox, after repeated requests for extensions of time in which to file an Answer, which the Court granted, Vivox filed an Answer on June 25, 2012. On July 12, 2012, this Court entered its Markman Order and consolidated this case with the above-captioned cases for the purposes of the Markman Hearing and Trial. On August 7, 2012, Vivox filed its initial Claim Construction Brief, and it filed its subsequent Claim Construction Brief on September 14, 2012. On August 10, 2012, Vivox filed the instant Motion to Transfer Venue. Plaintiff filed a timely Response in Opposition, and Vivox filed a timely Reply. Therefore, this matter is ripe for decision.

After repeated requests for extensions of time in which to file an Answer, Stalker filed an Answer on April 10, 2012. On June 15, 2012, this Court entered its Markman Order and consolidated this case with the above-captioned cases for the purposes of the Markman Hearing and Trial. Stalker filed its initial Claim Construction Brief on August 7, 2012, and its subsequent Claim Construction Brief on September 14, 2012. After fully briefing the Markman Hearing, and only sixteen days before the date of the Markman hearing, the date of which was set on June 15, 2012, Stalker filed its Motion to Transfer Case. Plaintiff has not yet filed a Response. However, in the interests of judicial economy, since both Vivox and Stalker raise substantially similar arguments in their motions to transfer venue—indeed, parts of their motions are identical—the Court will decide both motions simultaneously. Although the Court denies

3

Defendants' motions at this time, the Court will entertain renewed motions concerning transfer of venue following the Markman hearing on October 10, 2012.

## II.    APPLICABLE LAW AND ANALYSIS

Under 28 U.S.C. § 1404(a) "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought...." The decision to transfer venue is committed to the sound discretion of the district court. *See One Beacon Ins. Co. v. JNB Storage Trailer Rental Corp.*, 312 F.Supp.2d 824, 828 (E.D.Va.2004) (citing *Heinz Kettler GMBH & Co. v. Razor USA, LLC*, 750 F. Supp. 2d 660, 667 (E.D. Va. 2010)). In considering whether to allow transfer, the court makes two inquiries: whether the claims could have been brought in the transferee forum, and whether the interests of justice and convenience of the parties and witnesses support the transfer. *Koh v. Microtek Int'l, Inc.*, 250 F. Supp. 2d 627, 630 (E.D. Va. 2003).

In this matter, it does not appear that the parties contest that these suits could have been filed originally in the United States District Court for the District of Massachusetts with regard to Vivox and for the Northern District of California with regard to Stalker. A corporation is subject to personal jurisdiction in a district where it has its principal place of business, where it has certain "minimum contacts," or where the litigation results from injuries that arise out of or relate to the corporation's activities in the district. *See, e.g., Koh* 250 F. Supp. 2d at 631; *NanoEnTek, Inc. v. Bio-Rad Labs.*, 2:11CV427, 2011 U.S. Dist. LEXIS 138535, at *4-5 (E.D. Va. Dec. 2, 2011). If personal jurisdiction is proper for a corporate defendant, then venue is also proper: "[U]nder § 1400(b) [and] § 1391(c), the tests for venue and personal jurisdiction are interchangeable for corporations." *LG Elecs. Inc. v. Advance Creative Computer Corp.*, 131 F.

Supp. 2d 804, 810 (E.D. Va. 2001); *see* 28 U.S.C. § 1391(c) ("[A] defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced."); 28 U.S.C. § 1400(b) (venue proper where the defendants reside).

Vivox has its principal place of business in Massachusetts and is subject to personal jurisdiction in the District of Massachusetts. Therefore venue in the District of Massachusetts is proper as well with regard to Vivox. Similarly, Stalker has its principal place of business in California and is subject to personal jurisdiction in the Northern District of California. Therefore venue in the Northern District of California is proper as well with regard to Stalker.

With this threshold inquiry met, the Court turns to the question of the interests of justice and the convenience of the parties and witnesses. In addressing this question, the Court considers four factors: (1) the plaintiff's choice of forum; (2) the convenience of the parties; (3) the convenience of the witnesses; and (4) the interests of justice. *See Heinz Kettler GMBH & Co. v. Razor USA, LLC*, 750 F. Supp. 2d 660, 667 (E.D. Va. 2010). The party seeking transfer bears the burden of demonstrating that "the circumstances of the case are *strongly* in favor of transfer." *Id.* (emphasis in original). In balancing these four factors, the Court finds that Defendants Vivox and Stalker have not met their burden.

### A. Plaintiff's Choice of Forum

Typically, a plaintiff's choice of forum is entitled to substantial weight, especially where the chosen forum is the plaintiff's home forum or bears a substantial relation to the cause of action. *Id.* (citing *Koh*, 250 F. Supp. 2d at 633). To overcome the plaintiff's privilege of choosing the forum, a "movant bears the burden of demonstrating that the balance of convenience among the parties and witnesses is *strongly* in favor of the forum to which transfer

is sought." *JTH Tax, Inc. v. Lee*, 482 F. Supp. 2d 731, 736 (E.D. Va. 2007) (emphasis in original). However, a plaintiff's chosen venue is "not given such substantial weight when the plaintiff selects a forum other than its home forum and the claims bear little or no relation to the chosen forum." *Koh*, 250 F. Supp. 2d at 633. Both Vivox and Stalker dispute that the Eastern District of Virginia is Plaintiff's home forum, and the Court must, therefore determine whether the Eastern District of Virginia is a home forum for Plaintiff and whether Plaintiff's claims are sufficiently related to this District.

Although Plaintiff alleges in its Complaint that its principal place of business is located in Arlington, VA within the Eastern District, Vivox and Stalker argue that this is a non-permanent, virtual office. Vivox Mot. Transfer 3; Stalker Mot. Transfer 1. In support of this allegation, Vivox and Stalker cite the declarations of a private investigator hired to investigate Plaintiff's principal place of business. *See* Vivox Mot. Transfer 3. Defendants also cite the fact that Dun & Bradstreet has no information about Plaintiff and Standard and Poor's Capital IQ database reports that Plaintiff has offices at 520 Broad Street, Newark, NJ 07102, which is the same address as Plaintiff's corporate parent, IDT Corporation. *Id.* 3-4. In terms of additional ties to this District, Defendants argue that none of the six witnesses Plaintiff has identified in its initial disclosures reside within this District. *Id.* 4. Three reside in the greater New York City area, and three reside in Florida. *Id.*

In response, Plaintiff has provided the Court with declarations that refute the allegations made by Defendants' private investigator to some degree. Pl.'s Resp. 2-3. Plaintiff states that it maintains a dedicated office that contains physical files and records and that is used by its employees. *Id.* Plaintiff also states that it filed a Form 15-12G to terminate its registration of class B shares, which suspended the requirement that it file periodic reports with the Securities

and Exchange Commission under the Securities Exchange Act. *Id.* 3-4. Thus, Plaintiff has not updated prior disclosures regarding its offices and operations. With regard to ties to this District, Plaintiff argues that Virginia residents use Vivox products and services containing the Asserted Patents and that Vivox customers, such as T-Mobile and Linden Lab, conduct substantial activity in Virginia. *Id.* 5.

For the purposes of these motions, the Court "must construe all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction." *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989). However, the evidence presented in the pleadings indicates that while Plaintiff may have an office and presence in this District, and while Plaintiff states that this office is its principal place of business and sole office, it is questionable whether Plaintiff's presence at this office is sufficient to entitle it to home forum deference when weighing this first factor. Indeed, Plaintiff's connection to this District appears to be somewhat tenuous despite the fact that it maintains an office in Arlington—especially since it appears that no employees work there permanently. In addition, other courts in this District have held that "[w]hether the Defendants sold or offered for sale their allegedly infringing products or services in this district is of little import: Sales activity alone does not establish a substantial connection to the forum." *Augme Techs., Inc., v. Gannett Co.*, 3:11CV282, 2011 U.S. Dist. LEXIS 81605 at *7-8 (E.D. Va. July 26, 2011) (citing *Agilent Techs., Inc. v. Micromuse, Inc.*, 316 F. Supp. 2d 322, 327 n.3 (E.D. Va. 2004). Some courts in this District have also held, "a plaintiff filing suit in a district where it is not a resident loses only some of the deference given its choice of forum." *E. Scientific Mktg., Inc. v. Tekna-Seal, Inc.*, 696 F. Supp. 173, 179 (E.D. Va. 1988). Nevertheless, the Court finds that Plaintiff's choice of forum here does not strongly weigh against transfer since Plaintiff's

presence in Arlington is negligible. Indeed, it appears that this District probably should not be considered Plaintiff's home forum, and the claims bear almost no relation to this District. The Court, therefore, gives this factor little or no weight in favor of Plaintiff.

### B. Convenience of the Parties and Witnesses

The convenience of the parties and witnesses weighs neither for nor against transfer in this matter with regard to the Markman hearing since the parties and witnesses are located in many different fora. As the Court will discuss further below in analyzing the interests of justice, these cases have been consolidated, the Markman hearing has been set and is fully briefed, and a trial date has also been set. There are three defendants. Vivox is located in Massachusetts, Stalker is located in California, and ooVoo is located in New York, NY.

Vivox argues that all of the relevant evidence, documents, and key witnesses are located in Massachusetts, and that it would be more convenient for its employees to remain in Massachusetts rather than disrupt their work obligations by traveling to Virginia. Vivox Mot. Transfer 9-10. Stalker makes the same argument with regard to California and also states that evidence, documents, and witnesses are located overseas. Stalker Mot. Transfer 3, 8-10. Defendants state that no key witnesses or documents are located in Virginia.

Defendants cite *Augme Techs.*, 2011 U.S. Dist. LEXIS 81605, at *8, for the proposition that "the more important question is where the majority of the witnesses and evidence is located." This argument may weigh in their favor if the Defendants were individually before the Court. However, for the purposes of the Markman hearing, they are not, and the pleadings indicate that the majority of the witness and evidence is not located in one single forum. Rather, witnesses and evidence are located in Massachusetts, California, New York City, New Jersey, Florida, and "overseas." This suggests that "the Eastern District of Virginia is no less convenient

than [a transferee] Court" at this time. *WiAV Solutions, LLC v. Motorola, Inc.*, 2009 WL 3414612, *5 (E.D. Va. Oct. 20, 2009). "As the proponents of transfer, the Movants bear the burden of showing that the Eastern District of Virginia is an inconvenient forum to litigate, not merely that the [transferee court] is a more convenient forum." *Id.* at *4. There is no question that it is more convenient for the parties to litigate in their home forum. However, where, as here, all of the parties come from different fora, this argument also weighs against Defendants at the present time.

In addition, one court in this District found that where convenience of the witnesses "is a close issue and ultimately cannot be confidently determined from the existing sparse record...[because] [n]either party [has] provide[d] the requisite particularity about the expected witnesses and their potential testimony," the court should not accord this factor much weight. *Affinity Memory & Micro v. K & Q Enters.*, 20 F. Supp. 2d 948, 955 (E.D. Va. 1998). Another court in this District found that where "the original forum is convenient for plaintiff's witness, but inconvenient for defendant's witnesses, and the reverse is true for the transferee forum...transfer is inappropriate because the result of transfer would serve only to shift the balance of inconvenience." *Board of Trustees v. Baylor Heating & Air Conditioning, Inc.*, 702 F. Supp. 1253, 1258 (E.D. Va. 1988). The court in *Baylor Heating* also stated the following:

> Witness convenience is often dispositive in transfer decisions. But the influence of this factor cannot be assessed in the absence of reliable information identifying the witnesses involved and specifically describing their testimony. This type of particularized information, typically submitted in affidavit form, is necessary to enable the court to ascertain how much weight to give a claim of inconvenience. Inconvenience to a witness whose testimony is cumulative is not entitled to greater weight. By contrast, greater weight should be accorded inconvenience to witnesses whose testimony is central to a claim and whose credibility is also likely to be an important issue. *Id.*

In this matter, except for Stalker's identification of one potential, named witness who lives in the Northern District of California, Defendants have made only vague generalizations about their expected witnesses in Massachusetts and California and their potential testimony. As a result, given that multiple defendants are involved in this matter, and that relevant evidence, documents, and key witnesses witness are located in several fora, convenience of the parties and witnesses does not support a decision to transfer this action at this time.

### C. The Interests of Justice

The Court finds that the interests of justice weigh heavily against transfer at this point in the proceedings after these three cases have been consolidated, right before the Markman hearing, and after the Markman hearing has been fully briefed.

The interests of justice is a purposefully broad category which takes into account all factors other than convenience and the parties' initial choice of venue. *See Precision Franchising, LLC v. Coombs*, 1:06CV1148, 2006 WL 3840334, at *6 (E.D. Va. Dec. 27, 2006); *Bd. of Trs., Sheet Metal Workers Nat'l Fund v. Baylor Heating & Air Conditioning, Inc.*, 702 F.Supp. 1253, 1256 (E.D. Va. 1988). Such factors include "the pendency of a related action, the court's familiarity with the applicable law, docket conditions, access to premises that might have to be viewed, the possibility of unfair trial, the ability to join other parties, and the possibility of harassment." *Koh*, 250 F. Supp. at 639. Courts in this District also entertain another factor—the extent to which a plaintiff has engaged in forum shopping due to the presence of the "rocket docket" in this District. *See, e.g., Telepharmacy Solutions, Inc. v. Pickpoint Corp.*, 238 F. Supp. 2d 741, 744 (E.D. Va. 2003). While Plaintiff may have a more tenuous connection to this District, the Court does not find that Plaintiff has engaged in blatant forum shopping.

Analyzing the other factors, the undersigned is familiar with patent law, and the docket is not overburdened. In fact, the undersigned has no other patent cases pending at the present time. In addition, no party has argued that the present venue will lead to an unfair trial. The most important factor for this Court in considering the interests of justice is the pendency of other actions, judicial economy, and the risk of inconsistent judgments. As the court stated in *Heinz Kettler*, this final factor "encompasses public interest factors aimed at systemic integrity and fairness" including "judicial economy and the avoidance of inconsistent judgments." 750 F. Supp. 2d at 669. Indeed, "[o]ne of the most commonly cited aspects of the 'interest of justice' factor is the goal of avoiding 'multiplicity of litigation from a single transaction.'" *Samsung Electronics Co. v. Rambus, Inc.*, 386 F. Supp. 2d 708, 721 (E.D. Va. 2005). It is important to consider the pendency of related cases because "[i]n most cases, the 'litigation of related claims in the same tribunal facilitates efficient, economical, and expeditious pre-trial proceedings and discovery,' and prevents 'duplicative litigation and inconsistent results.'" *Id.*

Vivox and Stalker argue that the Federal Circuit's decision in *In re Zimmer Holdings, Inc.*, 609 F.3d 1378 (Fed. Cir. 2010) rejects the argument that the pendency of other actions weights against transfer. However, contrary to the way Defendants characterize *Zimmer Holdings*, that case does not stand for a blanket rejection for considering the pendency of other actions. Rather, as the Federal Circuit, clearly stated, although the district court had assigned substantial weight to the fact that the plaintiff had filed another suit in the same forum, the "circumstances of [that] case" did not outweigh the convenience factors where it found that the overlap between the two cases pending before the district court was negligible. *Id.* at 1382. Indeed, the Federal Circuit found that the Eastern District of Texas was only convenient for MedIdea's litigation counsel. *Id.* This case is clearly distinguishable from *Zimmer Holdings*

11

since the overlap between the three cases pending before this Court is not negligible—it is significant for the purpose of the Markman hearing.

Vivox also cites *In re Morgan Stanley*, 417 Fed. Appx. 947 (Fed. Cir. 2011) and *In re Verizon Bus. Network Servs. Inc.*, 635 F.3d 559, 562 (Fed. Cir. 2011) for the proposition that transfer is appropriate even where a trial court has some familiarity with a matter from prior litigation or has actually previously issued a claim construction order in a case involving the same patent. However, importantly, in *Verizon*, the district court had denied transfer *solely* on its prior familiarity with the patent at issue five years before. The Federal Circuit found that this alone was not sufficient to deny transfer when the convenience of the witnesses weighed in favor of transfer and since the district court had to relearn a considerable amount due to a time lapse between the suits and new materials that were not part of the record of the previous suit. *In re Verizon*, 635 F.3d at 562. The Court finds that the present matter is clearly distinguishable from these cases because this Court is not basing its decision solely on its familiarity with the patents at issue. Indeed, the Court has not seen these patents before. The Court finds that the situation before it is more analogous to the Federal Circuit's ruling in *In re Vistaprint Ltd.*, 628 F.3d 1342, (Fed.Cir.2010) where the court stated the following:

> Our holding today does not mean that, once a patent is litigated in a particular venue the patent owner will necessarily have a free pass to maintain all future litigation involving that patent in that venue. However, where, as here, the trial court performed a detailed analysis explaining that it is very familiar with the only asserted patent and the related technology, and where there is a co-pending litigation before the trial court involving the same patent-in-suit, and pertaining to the same underlying technology and accusing similar services, we cannot say the trial court clearly abused its discretion in denying transfer. *Id.* at 1347.

The matter presently before the Court involves the same patents, and pertains to the same underlying technology and services, and this Court does not deny Defendants' motions on solely

one ground but rather because the balance of all of the factors considered together weighs against Defendants at this time for the purpose of the Markman hearing.

In this case, the Court has consolidated three cases. The patents-in-suit contain specifications that are substantially the same. Indeed, the technology and patents overlap to such a degree that in the parties' joint Markman statement, Stalker and Vivox proposed identical claim terms for construction and proposed construction, and ooVoo proposed identical constructions plus one additional term. *See* ECF No. 27. In addition, all three Defendants have filed a joint Claim Construction Brief. ECF No. 47. Even if, as Vivox argues in a footnote in its Reply, ECF No. 34, that the recent amendments to the patent statute under 35 U.S.C. § 299 only allow for joinder for the purposes of trial when two conditions apply—which Vivox has not alleged apply here—, the Court notes that Vivox has not filed a motion to sever. Regardless of whether these cases will or may remain consolidated for the purpose of trial, for the purpose of the Markman hearing, the Court finds that the efficiency of the judicial process, economy of judicial resources, the pendency of nearly identical actions which have already been consolidated, and the risk of inconsistent judgments all demonstrate that the interests of justice weigh heavily against transfer of venue in this matter at the present time. Having considered and given appropriate weight to Plaintiff's choice of forum, the convenience of the parties and witnesses, and the interests of justice, the Court denies Defendants Vivox and Stalker's motions to transfer venue at this time.

### III.   CONCLUSION

For the reasons set forth in detail above, the Court hereby **DENIES** Vivox's Motion to Transfer Venue and Stalker's Motion to Transfer Venue at this time. Having considered and weighed Plaintiff's choice of forum, the convenience of the parties and witnesses, and the

interests of justice, the Court finds the current balance of the factors weighs against transfer of venue prior to the Markman hearing that has already been fully briefed and is scheduled to take place in ten days. Following the Markman hearing, the Court will allow the defendants to file motions to transfer venue, if they so desire. The Clerk of the Court is **DIRECTED** to transmit a copy of this Order to all counsel of record.

**IT IS SO ORDERED**.

October 2 , 2012
Norfolk, Virginia

/s/
Robert G. Doumar
Senior United States District Judge